# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THELMA K. GERHARD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-14-188-HE |
| | ) ) ) |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) ) ) ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying Plaintiff's applications for disability insurance benefits. United States District Judge Joe Heaton has referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure. The Commissioner has answered and filed the administrative record (ECF No. 12) (hereinafter "Tr."). The parties have briefed their positions, and the case is now ready for decision. For the reasons discussed below, it is recommended that the Commissioner's decision be **REVERSED AND REMANDED** for further administrative proceedings.

### I. PROCEDURAL HISTORY AND ADMINISTRATIVE DECISION

Plaintiff filed concurrent applications for DIB and SSI alleging disability due to degenerative disc disease, neuropathy, high blood pressure, and depression. (Tr. 176).

Following denial of her applications initially and on reconsideration, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on December 16, 2011. (Tr. 30-50). Plaintiff testified and was represented by an attorney at the hearing. (Tr. 32, 35-49). The ALJ issued an unfavorable decision on January 17, 2012. (Tr. 18-25, 26-29).

The Commissioner uses a five-step sequential evaluation process to determine entitlement to disability benefits. *Wall v. Astrue,* 561 F.3d 1048, 1052 (10th Cir. 2009); 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the period from her alleged disability onset date through the date of the decision. (Tr. 20). *See* 20 C.F.R. §§ 404.1571, 416.971. At step two, the ALJ determined that Plaintiff had the following severe impairments: degenerative disc disease, diabetes mellitus, hypertension, depression, and anxiety. (Tr. 20). *See* 20 C.F.R. §§ 404.1520(c), 416.920(c). At step three, the ALJ determined that Plaintiff's condition did not meet or equal any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). (Tr. 21). *See* 20 C.F.R. §§ 404.1520(d), 416.920(d).

The ALJ next assessed Plaintiff's residual functional capacity ("RFC") based on all of her impairments. (Tr. 22). *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). The ALJ found that Plaintiff had the RFC to perform a full range of light work. (Tr. 22).

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of

> walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b) (defining "light work"); *accord,* 20 C.F.R. § 416.967(b).

Based upon this RFC, the ALJ determined that Plaintiff "is capable of performing past relevant work as a customer care rep, cashier, direct care specialist and housekeeper. This work does not require the performance of work related activities precluded by the claimant's residual functional capacity." (Tr. 24) (citing 20 C.F.R. §§ 404.1565, 416.965)). The ALJ stated as follows in support of this finding: "In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as actually and generally performed." (Tr. 24). On that basis, the ALJ held that Plaintiff had not been disabled within the meaning of the Social Security Act at any time through the date of the decision. (Tr. 24-25) (citing 20 C.F.R. §§ 404.1520(f), 416.920(f)).

The Appeals Council denied Plaintiff's request for review, making the ALJ's unfavorable determination the final decision of the Commissioner. (Tr. 8-10).

## II. STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether factual findings are supported by substantial evidence in the record as a whole and whether correct legal standards were applied. *Poppa v. Astrue,* 569 F.3d 1167,

3

1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart,* 331 F.3d 758, 760 (10th Cir. 2003) (internal quotation marks omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Branum v. Barnhart,* 385 F.3d 1268, 1270 (10th Cir. 2004) (internal quotation marks omitted). The court "meticulously examine[s] the record as a whole," including any evidence that may undercut or detract from the administrative law judge's findings, to determine if the substantiality test has been met. *Wall,* 561 F.3d at 1052 (internal quotation marks omitted). While the court considers whether the Commissioner followed applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue,* 511 F.3d 1270, 1272 (10th Cir. 2008).

### III. ANALYSIS

Plaintiff raises one claim of error on appeal: that the ALJ failed to perform the proper analysis in determining that Plaintiff's RFC allowed Plaintiff to perform her past relevant work. Plaintiff's Opening Brief, 6 (ECF No. 15:6). In particular, Plaintiff argues that the ALJ neither inquired as to the physical and mental demands of her past relevant work, nor called a vocational expert to offer testimony at the administrative hearing. Plaintiff's Opening Brief, 7 (ECF No. 15:7). Indeed, Plaintiff contends that there are *no* findings "specifying, discussing, detailing, or explaining the demands of the

Plaintiff's past relevant work either as Plaintiff actually performed the work or as it is customarily performed in the national economy." Plaintiff's Opening Brief, 8 (ECF No. 15:8). Plaintiff concludes that this shortcoming precludes the court from conducting a meaningful review. Plaintiff's Opening Brief, 8-9 (ECF No. 15:8-9).

In response, the Commissioner claims that the ALJ "implicitly determined the residual functional capacity of Plaintiff's past relevant work" by "implicitly [finding] that the past work required light exertion or less. Brief in Support of Commissioner's Decision (Commissioner's Brief), 5 (ECF No. 19:5). The Commissioner then argues that one of Plaintiff's past jobs—that of housekeeper—required only light exertion, and so despite the fact that the "ALJ's form did not exactly dovetail with the Commissioner's policy, Plaintiff has not shown harm." Commissioner's Brief, 6 (ECF No. 19:6). Thus, the Commissioner concludes, Plaintiff has not met her burden of showing reversible error.

### A. The Three Phases of the Step Four Determination

As noted above, the ALJ denied Plaintiff's claims at step four on the basis that Plaintiff retained the ability to return to her past relevant work. Step four of the sequential analysis comprises three phases:

> In the first phase, the ALJ must evaluate a claimant's physical and mental residual functional capacity (RFC), and in the second phase, he must determine the physical and mental demands of the claimant's past relevant work. In the final phase, the ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one. *At each of these phases, the ALJ must make specific findings.*

5

*Winfrey v. Chater,* 92 F.3d 1017, 1023 (10th Cir. 1996) (citations omitted); SSR 82–62, 1982 WL 31386, at *4 (Aug. 20, 1980); 20 C.F.R. §§ 404.1520(f), 416.920(f) (emphasis added).

### B. Phase Two: The Demands of Plaintiff's Past Relevant Work

Thus, in the second phase of step four, the ALJ "must determine the physical and mental demands of the claimant's past relevant work." *Winfrey,* 92 F.3d at 1023; SSR 82–62, 1982 WL 31386, at *4; 20 C.F.R. §§ 404.1520(f), 416.920(f).

> The agency's professed "need to know about ... any ... physical ... duties" of the claimant's past jobs, 20 C.F.R. §§ 404.1565(b), 416.965(b), along with the agency's extensive requirements concerning the claimant's RFC, *see* 20 C.F.R. §§ 404.1545, 416.945, necessarily imply that the ALJ must make corresponding findings as to the demands of claimant's past jobs.

*Norris v. Apfel*, 215 F.3d 1337 (10th Cir. 2000).

The undersigned finds that the ALJ's determination as to the demands of Plaintiff's past relevant work is conclusory to an improper degree, and does not contain the "specific findings" required by *Winfrey* and SSR 82–62. *Winfrey,* 92 F.3d at 1024; *Norris,* 2000 WL 504882, at *4–5. Plaintiff's hearing testimony as to her previous work was minimal and did not in any way shed light upon "the physical and mental demands" of the three jobs discussed at the hearing: switchboard operator, rehabilitation specialist, and cashier. (Tr. 45); *Henrie v. U.S. Dep't of Health & Human Servs.,* 13 F.3d 359, 361 (10th Cir. 1993) (reversing for failure to comply with SSR 82–62 where "[t]he transcript of the hearing before the ALJ reveal[ed] there was no inquiry regarding the

6

nature of, and physical and mental demands associated with," the claimant's previous occupation). Plaintiff did fill out a form describing her previous jobs in a Disability Report submitted to the SSA, Tr. 184-90, but the ALJ's decision contains no specific findings either accepting or rejecting Plaintiff's description of the demands of the job or otherwise matching any findings to the evidence. *See Norris,* 2000 WL 504882, at *5. Nor does the ALJ make any reference to the DOT's definitions in order to explore the demands of Plaintiff's past jobs and how such jobs are performed in the national economy. *See* SSR 82–62, 1982 WL 31386, at *4.

For the ALJ's conclusion at step four to be valid, the ALJ was required to have made "specific findings" of fact regarding each of the three phases contained therein. *See id.* at *1; *Sissom v. Colvin,* 512 F. App'x 762, 769 (10th Cir. 2013); SSR 82–62, 1982 WL 31386, at *4. "Requiring the ALJ to make specific findings on the record at each phase of the step four analysis provides for meaningful judicial review." *Winfrey,* 92 F.3d at 1025. Here, the ALJ failed to "conduct an appropriate analysis at phase two and, therefore, his findings at phase three of the analysis were naturally compromised." *See Sissom,* 512 F. App'x at 769; *accord Winfrey,* 92 F.3d at 1026. The undersigned cannot conclude that this failure was harmless in view of the fact that the ALJ did not make an alternative finding at step five that Plaintiff could adjust to other work. *Cf. Best–Willie v. Colvin,* 514 F. App'x 728, 738 (10th Cir. 2013) (holding that step-four legal error was harmless in view of ALJ also finding at step five that the claimant could perform other jobs that existed in significant numbers in the national economy); 20

C.F.R. §§ 404.1520(g), 416.920(g). Accordingly, remand is required for further findings and analysis. *See Sissom,* 512 F. App'x at 769.

### IV. RECOMMENDATION

Having reviewed the evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner should be **REVERSED AND REMANDED** for further administrative proceedings.

The parties are advised of their right to file specific written objections to this Report and Recommendation. 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **January 5, 2015**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on December 22, 2014.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE

8