# IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| THELMA K. GERHARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-14-188-HE |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of the Social, | ) | |
| Security Administration | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Thelma K. Gerhard filed this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration denying her applications for disability insurance benefits and supplemental security income benefits. Consistent with 28 U.S.C. § 636(b), the case was referred to Magistrate Judge Shon T. Erwin, who recommends that the Commissioner's decision be reversed and the matter remanded for further proceedings. The magistrate judge concluded the Administrative Law Judge ("ALJ") erred by failing to make specific findings as to the physical and mental demands of plaintiff's past relevant work. Because the ALJ did not make an alternative finding at step five that plaintiff could adjust to other work, the magistrate judge determined the error was not harmless and required that the Commissioner's decision be reversed.

The Commissioner filed a brief objection to the Report and Recommendation. She does not contest the magistrate judge's conclusion that the ALJ erred or that the decision fails to contain the alternative step-five findings that would render the error harmless. What she claims is that she asserted another basis for concluding the error was harmless which the

magistrate judge did not consider. What the Commissioner suggested to the magistrate judge and now asks the court to do is to "supply the missing dispositive finding and find the ALR's error harmless." Doc. #21, p. 2.

The court agrees with the Commissioner that there is evidence in the record supporting the ALJ's finding that plaintiff previously worked as a housekeeper, Transcript ("TR.") pp. 52, 54, and some evidence regarding the demands of that job, including a description of that work by plaintiff herself. *See id.* at pp. 52, 54, 184. However, the court does not agree that it can supply the missing dispositive finding, "i.e., that Plaintiff's past work required light exertion." Doc. #21, p. 3. Plaintiff's former position as a housekeeper was not even discussed at the hearing before the ALJ. The only jobs briefly mentioned were her former jobs of switchboard operator, rehabilitation specialist and cashier. Tr. 45. To do what the Commissioner asks "would be an improper exercise in judicial factfinding rather than a proper application of harmless-error principles." Allen v. Barnhart, 357 F.3d 1140, 1145 (10th Cir. 2004). As the Tenth Circuit made clear in Winfrey v. Chater, 92 F.3d 1017, 1025 (10th Cir. 1996) and repeatedly since then, "the ALJ himself must make the required findings on the record, including his own evaluation of the claimant's ability to perform [her] past relevant work."

Accordingly, the court adopts Magistrate Judge Erwin's Report and Recommendation, **REVERSES** the final decision of the Commissioner and **REMANDS** the case for further proceedings consistent with the Report and Recommendation, a copy of which is attached to this order. This decision does not suggest or imply any view as to whether plaintiff is or

is not disabled, or what result should be reached on remand.

**IT IS SO ORDERED**.

Dated this 29th day of January, 2015.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE